**HLD-193 (August 2010)**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 10-3024
_____

IN RE: TORMU E. PRALL,
                                        Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the
District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-01228)

_____

Submitted Under Rule 21, Fed. R. App. P.
August 31, 2010

Before:   McKEE, Chief Judge, SCIRICA and WEIS, JR.., Circuit Judges.

(Filed: October 12, 2010)
_____

OPINION
_____

PER CURIAM.

        Tormu E. Prall has filed a petition for a writ of mandamus seeking to

compel the United States District Court for the District of New Jersey to act promptly on

his pending pro se civil rights complaint, which is docketed in the District Court as civil

action number 10-cv-01228.   We will deny the mandamus petition.

1

On March 8, 2010, Prall, an inmate in the custody of the State of New Jersey, filed a complaint under 42 U.S.C. § 1983 alleging, inter alia, that he was attacked in his cell, denied medical treatment, falsely charged with disciplinary infractions, and denied sanitary living conditions. Prall moved for leave to proceed in forma pauperis ("IFP") and submitted an "emergency letter motion" seeking a preliminary injunction on the ground that he is in "imminent danger of physical harm." On July 1, 2010, Prall filed a first amended complaint raising additional allegations, and he moved the District Court to order prompt service of the first amended complaint.

The District Court docket reflects that Prall's motion to compel service was submitted for consideration by a Magistrate Judge on August 2, 2010. The Magistrate Judge has yet to enter a decision on the motion, and the court has yet to screen Prall's IFP complaint under 28 U.S.C. § 1915. Prall filed this mandamus proceeding to compel the District Court to "expeditiously screen and serve the complaint and summonses on the defendants, and allow him to proceed without [submitting] his preceding six-month account statement at this stage, because the failure to do so has continued to and worsen[ed] imminent danger." Petition at ¶ 3.

"Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks and punctuation omitted). Generally, the manner in which a district

2

court handles the cases on its docket falls within its sound exercise of discretion, see In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982), and this Court's intervention via mandamus is appropriate only where an alleged delay in proceedings is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Prall submitted his first amended complaint on July 1, 2010, and the Magistrate Judge took the motion to compel service under advisement on August 2, 2010. While we acknowledge Prall's concern that his suit not languish and his allegation that he is under "imminent danger" in prison, we cannot conclude on this record that the District Court has engaged in delay that rises to the level warranted for mandamus relief. See Madden, 102 F.3d at 79 (denying mandamus petition because "[a]lthough this delay [of three to four months] is of concern, it does not yet rise to the level of a denial of due process"). Accordingly, we will deny Prall's mandamus petition. We are confident that the District Court will act without undue delay to screen Prall's first amended complaint and rule on his application to proceed IFP under 28 U.S.C. § 1915.